UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLORENC MALAJ,

        Petitioner,

                                                          Civil Action No. 12-CV-11495
vs.                                                HON. MARK A. GOLDSMITH

REBECCA ADDUCCI, et al.,

        Respondents.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENTS' MOTION TO DISMISS AS MOOT (DKT. 21), (2) GRANTING RESPONDENTS' MOTION TO VACATE STAY (DKT. 25), (3) REJECTING AS MOOT THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 14), (4) OVERRULING AS MOOT THE OBJECTIONS TO THE REPORT AND RECOMMENDATION (DKTS. 15, 16), (5) DENYING AS MOOT THE PETITION FOR HABEAS CORPUS (DKT. 1), and (6) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I.    INTRODUCTION AND BACKGROUND**

This is a habeas case filed by a federal prisoner under 28 U.S.C. § 2241. At the time of the filing of the habeas petition, Petitioner Florenc Malaj, a citizen of Albania and a United States permanent resident, was being detained without bond pending removal proceedings initiated by U.S. Immigration and Customs Enforcement ("ICE"). Petition for Writ of Habeas Corpus ¶¶ 10, 23 (Dkt. 1). Removal was initiated on the grounds that Petitioner was a non-citizen "convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct" under 8 U.S.C. § 1227(a)(2)(A)(ii). Notice to Appear, Ex. A to Resp. to Petition (Dkt. 6-2). The Immigration Judge denied Petitioner's bond request, concluding that Petitioner is subject to mandatory detention pending removal under 8 U.S.C. § 1226(c) and Matter of Rojas, 23 I&N Dec. 117 (BIA 2001). Petition ¶¶ 1, 23; Order of Immigration Judge,

Ex. A to Petition (Dkt. 1-2). This Court issued an order staying Petitioner's removal or deportation until further order of the Court (Dkt. 3).

The petition for writ of habeas corpus challenges Petitioner's detention on the following two grounds: (i) 8 U.S.C. § 1226(c) does not mandate his detention pending removal proceedings, Petition at 5-6; and (ii) Petitioner's youthful trainee status is not a conviction for immigration purposes. Id. at 6-9. This Court entered an order referring pretrial matters to Magistrate Judge Laurie J. Michelson (Dkt. 9). On August 6, 2012, Magistrate Judge Michelson issued a Report and Recommendation ("R&R") recommending that the petition for writ of habeas corpus be granted (Dkt. 14).

On November 20, 2012, the Board of Immigration Appeals ("BIA") entered an administratively final order of removal against Petitioner. Ex. E to Resp. Mot. to Dismiss (Dkt. 21-1). Petitioner did not file a motion to reopen his case. Declaration of Joseph K. Fish ¶ 3, Ex. H to Mot. to Vacate Stay (Dkt. 25-1). Respondents filed a motion to dismiss the habeas petition as moot (Dkt. 21). Petitioner filed a response (Dkt. 22), and Respondents filed a reply (Dkt. 24). The Court conducted a hearing on the motion to dismiss on February 14, 2013. Subsequently, Respondents filed a motion to vacate the stay of removal (Dkt. 25). There was no response filed to this motion.

For the reasons that follow, the Court concludes that the habeas petition is moot. The Court, therefore, grants the motion to dismiss the petition as moot (Dkt. 21), grants the motion to vacate stay (Dkt. 25), rejects as moot the R&R (Dkt. 14), overrules as moot the objections to the R&R (Dkts. 15, 16), and denies as moot the petition for habeas corpus (Dkt. 1).

## II.  ANALYSIS

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a

legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 497 (1969). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir. 1986) (citation omitted). "[I]f a case becomes moot, it does not satisfy the 'case or controversy' requirement of Article III, and the federal courts are powerless to decide it." Id. (citations omitted). Furthermore, a court has a "continuing obligation" to determine whether "there is a present controversy as to which effective relief can be granted." Coalition for Gov't Procurement v. Fed. Prison Indus., Inc., 365 F.3d 435, 458 (6th Cir. 2004) (citations omitted). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." Id. (citations and quotation marks omitted).

The Supreme Court has "recognized an exception to the general rule in cases that are 'capable of repetition, yet evading review.'" Murphy v. Hunt, 455 U.S. 478, 482 (1982). The Court explained:

> In Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam), we said that "in the absence of a class action, the 'capable of repetition, yet evading review' doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." See Illinois Elections Bd. v. Socialist Workers Party, 440 U.S. 173, 187 (1979); Sosna v. Iowa, 419 U.S. 393 (1975).
> . . . .
> The Court has never held that a mere physical or theoretical possibility was sufficient to satisfy the test stated in Weinstein. If this were true, virtually any matter of short duration would be reviewable. Rather, we have said that there must be a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party.

Id. (footnote and some citations omitted). "The party asserting that this exception applies bears the burden of establishing both prongs." Lawrence v. Blackwell, 430 F.3d 368, 371 (6th Cir. 2005).

3

Respondents argue that the petition for writ of habeas corpus is moot. Respondents' Br. for Mot. to Dismiss at 2 (Dkt. 21). They note that Petitioner claims that he does not fall within the mandatory detention provisions on 8 U.S.C. § 1226(c) on the grounds that (i) his youthful trainee status is not a conviction for immigration purposes, and (ii) "he is not subject to mandatory detention because he was not taken into ICE custody immediately upon his release from criminal custody." Id. Respondents contend that because an administratively final removal order was entered, Petitioner is no longer being detained under § 1226(c), and is now being detained under 8 U.S.C. § 1231(a). Id. at 3. They argue that Petitioner's detention is mandatory under § 1231(a), and that Petitioner's challenge to his pre-removal-order detention under § 1226(c) is moot. Id. at 2-4.

Petitioner responds that his habeas petition is not moot because the challenged conduct is capable of repetition, yet evading review. Petitioner's Resp. at 1 (Dkt. 22). He argues that it is not certain that any habeas petitioner's challenge to detention under 8 U.S.C. § 1226(c) would remain "live" long enough to be resolved. Id. at 1-2. He contends that he has the ability to file a motion to reopen within 90 days and may be eligible for relief from removal, so there is a reasonable expectation he will again be subject to pre-removal detention. Id. at 2.

Respondents reply that there is no reasonable expectation that Petitioner will again be subject to pre-removal detention. Respondents' Rep. at 2 (Dkt. 24). In their motion to vacate the stay of removal, Respondents further argue that Petitioner did not file either a petition for review of the decision of the Board of Immigration Appeals (BIA) or a motion to reopen his case, and the 90-day period for filing a motion to reopen has expired. Respondents' Mot. to Vacate Stay at 2 (Dkt. 25). Respondents contend that there is no legal basis for maintaining the stay of removal. Id. at 3.

To address these arguments, the Court turns to the relevant statutory framework. The statute governing detention of aliens pending removal proceedings, 8 U.S.C. § 1226(c), states, in pertinent part:

> (c) Detention of criminal aliens
>
> (1) Custody
>
> The Attorney General shall take into custody any alien who--
>
> **(A)** is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> **(B)** is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> **(C)** is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [FN1] to a term of imprisonment of at least 1 year, or
>
> **(D)** is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
>
> (2) Release
>
> The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

The statute governing detention of aliens after a final order of removal is issued, 8 U.S.C. §

1231(a), states, in pertinent part:

> (a) Detention, release, and removal of aliens ordered removed
>
> (1) Removal period
>
> (A) In general
>
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>
> (B) Beginning of period
>
> The removal period begins on the latest of the following:
>
> **(i)** The date the order of removal becomes administratively final.
>
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
> . . . .
> (2) Detention
>
> During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

After a final order of removal has been entered, the alien may file one motion to reopen the removal proceedings. 8 U.S.C. § 1229a(c)(7)(A). The motion to reopen must state new evidence that is material and was not previously available. 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Any motion to reopen must be filed within 90 days of the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). Furthermore, any petition for appellate review of a final order of removal must be filed no later than 30 days after the date of the final removal order. 8 U.S.C. § 1252(b)(i).

It is not disputed that Petitioner was initially detained pursuant to the pre-removal

detention provision of §1226(c), that a final order of removal was entered and Petitioner was subsequently subject to the detention provision of §1231(a)(2), and that more than 90 days have passed since the entry of the removal order. It is Petitioner's burden to establish that his habeas challenge to his pre-removal detention under § 1226(c) was not mooted by the subsequent final order of removal and expiration of the periods to file a motion to reopen and petition for review.

The Sixth Circuit has explained that when a final removal order is entered, a prior habeas petition by the detained alien challenging pre-removal detention is mooted, absent an appellate stay of removal:

> The authority to detain an alien prior to the issuance of a final order of removal, which is at issue in this appeal, is governed by 8 U.S.C. § 1226. See Demore v. Kim, 538 U.S. 510, 522, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003); Ly v. Hansen, 351 F.3d 263, 266-68 (6th Cir.2003). After the issuance of a final order of removal, the authority to detain an alien is governed by 8 U.S.C. § 1231. See Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir.2001). The government argues that because its authority to detain the petitioner is now governed by § 1231, not § 1226, its appeal of the granting of the writ of habeas corpus finding the petitioner's continued detention under § 1226 to be unconstitutional is moot. We agree. In granting the writ of habeas corpus, the district court used broad language, stating that the petitioner "is entitled to release until such time as his removal proceedings are completed." However, the only issue before the district court was whether the continued detention of the petitioner under § 1226 was constitutional. Because the petitioner is now subject to a final order of removal, and his removal has not been stayed by this court, there is no live controversy concerning whether his detention under § 1226 would be constitutional. The government's motion to dismiss the appeal as moot will be granted.

Parlak v. United States Immigration & Customs Enforcement, No. 05-2003, 2006 WL 3634385, at *1 (6th Cir. Apr. 27, 2006).

In the instant case it is undisputed that Petitioner has not filed a petition for review, and the 30-day period to do so has expired. Furthermore, Petitioner has not filed a motion to reopen removal proceedings, and the time to do so has also expired; therefore, the Court rejects Petitioner's argument that he may again be subject to pre-removal detention upon the filing of a

motion to reopen.

Furthermore, Petitioner's argument that the "capable of repetition, yet evading review" exception is applicable because other persons being detained under 8 U.S.C. § 1226(c) are likely to have a difficult time obtaining review lacks merit. It is established that the "capable of repetition, yet evading review" exception only applies when there is a reasonable expectation that the "same complaining party" will again be subject to the injury. Murphy v. Hunt, 455 U.S. at 482. Petitioner has not provided the Court with any scenario in which he may again be subject to pre-removal detention, and he has not responded to the motion to vacate the Court's order staying removal. The Court therefore concludes that Petitioner has not met his burden of demonstrating that the "capable of repetition, yet evading review" exception applies to his habeas petition.

For the reasons stated above, the petition for writ of habeas corpus challenging Petitioner's detention under 8 U.S.C. § 1226(c) is moot. The Court will grant the motion to dismiss, deny habeas relief, and vacate the order staying removal.

### III. CONCLUSION

For the reasons stated above, the Court grants the motion to dismiss the habeas petition (Dkt. 21), grants the motion to vacate stay (Dkt. 25), rejects as moot the R&R (Dkt. 14), overrules as moot the objections to the R&R (Dkts. 15, 16), and denies as moot the petition for habeas corpus (Dkt. 1).

"The [habeas] statute does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to the federal process." Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004). The Court therefore declines to issue a certificate of appealability.

8

SO ORDERED.

Dated: April 12, 2013　　　　　　　　　　s/Mark A. Goldsmith
　　　Flint, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

　　　The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 12, 2013.

　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　Case Manager